NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHUNLI LU,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No. 22-866

Agency No.
A215-509-174

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2023[**]

Before:    CANBY, CALLAHAN, and OWENS, Circuit Judges.

Chunli Lu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We grant in part, deny in part, and remand the petition for review.

The BIA found no clear error in two factual findings the IJ relied on in support of an adverse credibility determination. Substantial evidence does not support the agency's finding that Lu's testimony was internally inconsistent when she testified that medical equipment was used to insert her intrauterine device, but none was used to perform her abortion. *See Bhattarai v. Lynch*, 835 F.3d 1037, 1044 (9th Cir. 2016) (internal inconsistency not supported by the record).

Substantial evidence also does not support the agency's finding that Lu's testimony was implausible as to how her abortion was performed, where the agency's reasoning was based on improper speculation. *See Kumar v. Garland*, 18 F.4th 1148, 1155 (9th Cir. 2021) (implausibility finding unsupported where agency "relied on speculation about the force of the beating, the medical implications of that force, and the appropriate treatment for various injuries.").

Thus, we grant the petition for review and remand Lu's asylum and withholding of removal claims to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Because Lu does not contest the BIA's determination that she waived challenge to the IJ's denial of CAT protection, this issue is forfeited and we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). We also do not address Lu's contentions as to the merits of her CAT claim because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

We do not consider the materials Lu references in her opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

Each party must bear its own costs for this petition for review.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**